IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY CONNELLY and DAVID WINCHELL,

           Plaintiffs,

v.                                                               OPINION & ORDER

DAN LEPKE TRUCKING LLC, LEPKE TRUCKING &        15-cv-308-jdp
EXCAVATING LLC, and DANIEL LEPKE,

           Defendants.

---

      Plaintiffs Timothy Connelly and David Winchell filed this proposed collective action against their employers, defendants Dan Lepke Trucking LLC, Lepke Trucking & Excavating LLC, and Daniel Lepke, on May 21, 2015. Plaintiffs allege violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Wisconsin prevailing wage laws.

      Pursuant to discussions with the magistrate judge during a February 16, 2016, telephone conference, defendants have filed a motion to resequence several pretrial motions deadlines. Dkt. 62. Defendants ask the court to consider whether plaintiffs are exempt from FLSA overtime pay under the motor carrier exemption, 29 U.S.C. § 213(b)(1), before the court considers a motion for class certification under Federal Rule of Civil Procedure 23. Plaintiffs contend that the court should not delay briefing on class certification and that defendants have not demonstrated why the court should delay class certification to allow a dispositive issue to become ripe. In the interests of effective case management, the court will grant the motion.

BACKGROUND

Plaintiffs and others similarly situated are or were formally employed by Dan Lepke Trucking LLC or Lepke Trucking & Excavating LLC between 2012 and the present. During their employment with defendants, plaintiffs drove dump trucks and delivered and dumped-off materials for highway construction, maintenance, and repair. Plaintiffs allege that defendants have failed to pay overtime wages in violation of the FLSA and Wisconsin prevailing wage laws. Without going into great detail here, plaintiffs contend that defendants: (1) failed to compensate plaintiffs for work performed before they loaded their trucks for the first time each day and after they unloaded their trucks for the last time each day, in violation of the FLSA and Wisconsin law; (2) failed to compensate plaintiffs for overtime work, in violation of the FLSA (when not exempt) and Wisconsin law; (3) deducted wages from employees' paychecks for damage to property when the employees did not have the opportunity to demonstrate that they did not cause the damage, in violation of Wisconsin law; and (4) failed to pay plaintiffs overtime when they worked more than 40 hours per week on Wisconsin prevailing wage projects, in violation of Wisconsin law. The court granted the parties' joint motion for conditional class certification on January 7, 2016. Dkt. 29.

On February 4, 2016, plaintiffs moved to compel production of two types of discovery. Dkt. 30 and Dkt. 61. One type—employee payroll records—remains highly contested, as the magistrate judge discussed in his February 16, 2016, text only order. Dkt. 61. The magistrate judge stayed this aspect of plaintiffs' motion to compel, to allow the court the opportunity to entertain a motion to resequence the dispositive motion and Rule 23 class certification deadlines. The magistrate judge anticipated that defendants would ask the court "to agree to accept and to rule on a summary judgment motion limited to whether

the motor carrier exemption applies to this lawsuit, before the parties must file any summary judgment or class certification motions." *Id.* If the court is receptive to resequencing, the magistrate judge will resolve the pending discovery dispute concerning employee payroll records if and only if resolving the motor carrier exemption question does not dispose of the case and the parties proceed to the class certification stage.

As anticipated, defendants filed their motion to resequence on February 26, 2016. Dkt. 62.

ANALYSIS

Defendants contend that plaintiffs are exempt from FLSA overtime pay under the motor carrier exemption and that the court should rule on this issue before certifying plaintiffs' Rule 23 class. At this juncture, the court needs to decide only whether it makes good sense to resolve defendants' forthcoming motion regarding the motor carrier exemption before ordering discovery and scheduling briefing on plaintiffs' forthcoming motion for class certification. The court will not preview the merits of the forthcoming motions, nor will the court consider the stayed aspect of plaintiffs' motion to compel.

Federal Rule of Civil Procedure 16(b)(4) provides that the court will modify a scheduling order only for good cause. Generally speaking, courts should determine whether to certify a Rule 23 class "[a]s soon as practicable after the commencement of an action[.]" *Chavez v. Ill. State Police*, 251 F.3d 612, 630 (7th Cir. 2001) (citing Fed. R. Civ. P. 23(c)). "This is the preferred policy as 'the propriety of class certification does not depend on the outcome of the suit. . . . It is therefore difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits.'" *Id.* (quoting *Bieneman v. City of*

3

*Chicago*, 838 F.2d 962, 964 (7th Cir. 1988)). But if dispositive issues are ripe for resolution prior to certification, it may be appropriate to entertain a motion for summary judgment prior to a motion for class certification. *Id.* Although "it is the better policy for a district court to dispose of a motion for class certification promptly and *before* ruling on the merits of the case, the failure to follow this preferred procedure does not necessarily amount to reversible error." *Id.* (quoting *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997)). In other words, the court does not always have to resolve class certification prior to ruling on the merits of a case.

And regardless, Rule 23(c)(1)(A) now provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." The Advisory Committee Notes following the 2003 amendments provide that the old "as soon as practicable" language did not accurately reflect the fact that a court may, for many valid reasons, "justify deferring the initial certification decision[,]" including when "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." Other district courts in this circuit have interpreted the 2003 advisory notes to allow district courts to, when justice so requires and in the interests of effective case management, consider dispositive motions prior to class certification. *See, e.g.*, *Talley v. NCO Fin. Sys., Inc.*, No. 06-cv-480, 2006 WL 2927596, at *2 (N.D. Ind. Oct. 12, 2006) ("[C]onsidering the advisory committee notes to the 2003 Amendments to Rule 23, and noting that the Defendant's Motion for Summary Judgment will be fully briefed shortly, the Court finds that, in this case, it is in the interests of judicial economy and efficiency for the Court to rule on the motion for summary judgment prior to

the motion for class certification in order to determine whether the claim of the named Plaintiff lacks merit and thus whether the motion for class certification is moot.").

Here, good cause exists to modify the scheduling order. Defendants do not ask the court to resolve all of plaintiffs' claims on the merits prior to considering class certification. Rather, defendants ask the court to resolve one potentially dispositive issue prior to considering plaintiffs' remaining claims and class certification. And it appears that the motor carrier exemption issue is nearly ripe for review; the parties have been engaged in discovery, and plaintiffs conducted a Rule 30(b)(6) deposition on April 7, 2016, where, per plaintiffs' representations, "[a] number of the topics for the deposition [concerned] whether the Plaintiffs had interstate driving assignments, and their likelihood of being assigned to interstate driving assignments that they did not receive." Dkt. 64, at 4.

At this point, the court cannot say whether defendants are likely to prevail on their forthcoming motion regarding the motor carrier exemption. But the fact that the proposed resequencing may save the parties—and the court—time and effort if it turns out that plaintiffs cannot prevail on their FLSA overtime pay claim is good cause to grant the motion.[1]

ORDER

IT IS ORDERED that:

1. Defendants Dan Lepke Trucking LLC, Lepke Trucking & Excavating LLC, and Daniel Lepke's motion to resequence, Dkt. 62, is GRANTED.

---

[1] Plaintiffs do make one good point: the motor carrier exemption has nothing to do with plaintiffs' state law claims and the Rule 23 motion for class certification, and it is not *necessary* to resolve the issue before certifying the Rule 23 class. But plaintiffs concede that were the motor carrier exemption to apply, and were the court to find that defendants do not owe any overtime wages under the FLSA, the court could consider declining to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

2. Defendants' motion regarding the motor carrier exemption will be due May 10, 2016; plaintiffs' response will be due May 31, 2016; and defendants' reply will be due June 10, 2016.

3. The court will rule on the stayed aspect of plaintiffs' motion to compel, Dkt. 30, and reset all remaining deadlines, including the deadline for dispositive motions and plaintiffs' motion for class certification, if necessary, after it resolves the motor carrier exemption issue.

Entered April 21, 2016.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge