IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY CONNELLY, DAVID WINCHELL,
RAYMOND SCHLICHT, and RODNEY SCHLICHT,

                      Plaintiffs,

    v.

DAN LEPKE TRUCKING LLC and
LEPKE TRUCKING & EXCAVATING LLC,

                      Defendants.

OPINION & ORDER

15-cv-308-jdp

---

Plaintiffs Timothy Connelly, David Winchell, Raymond Schlicht, and Rodney Schlicht were truck drivers for defendants Dan Lepke Trucking LLC and Lepke Trucking & Excavating LLC. Plaintiffs contend that defendants failed to pay them in accordance with the Fair Labor Standards Act and state law. The court granted the parties' joint motion to conditionally certify plaintiffs' FLSA claims as to drivers who worked for defendants on or after May 21, 2012. Dkt. 28 and Dkt. 29. Now before the court is plaintiffs' motion under Rule 23 to certify the following three classes as to the state law claims:

(1) drivers who did not receive separate hourly pay for all hours worked before their trucks were loaded for the first time and after their trucks were unloaded for the final time;

(2) employees who worked more than 40 hours in a workweek and did not work across state lines during the four months preceding that workweek;

(3) drivers who worked more than 40 hours in a workweek regardless whether they worked across state lines during the four months preceding that workweek.

The court concludes that class certification is not appropriate in this case because plaintiffs have failed to show that their proposed class is so numerous that joinder of all members is impracticable. Accordingly, the court will deny plaintiffs' motion for class

certification of the state law claims and give plaintiffs an opportunity to join more employees as plaintiffs.

ANALYSIS

Rule 23 lists several prerequisites to class certification, but in this case, the first prerequisite is dispositive: "the class [must be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In their opening brief, plaintiffs say that they have identified approximately 30 employees who may fall within at least one of the three proposed classes, but they say that there may be more. In their opposition brief, defendants say that the upper limit is 47 current and former employees. Although plaintiffs say in their reply brief that the number could be higher, they do not cite any evidence to support that view.

Defendants say that the upper limit they have identified is deceiving because 30 of those 47 employees have already filed notices with the court expressing their intent to opt out of the class. Dkts. 135–64. Excluding those employees would leave only 17 potential class members, including the four named plaintiffs.

Plaintiffs do not contend that it would be impracticable to join 13 more employees, two of whom have already opted in to the FLSA collective. James Wm. Moore, 5 *Moore's Federal Practice* § 23.22[1][b] (3d ed.) ("Many courts have found that classes numbering fewer than 21 fail to meet the numerosity requirement."); Wright & Miller, 7A *Federal Practice and Procedure* § 1762 (3d ed.) ("Although there is no definite standard as to what size class satisfies Rule 23(a)(1), . . . [c]lasses containing [between two and 26] members have been held to be too small to allow an action to be maintained under Rule 23."). *See also Pruitt v. City of Chicago, Illinois*, 472 F.3d 925, 926–27 (7th Cir. 2006) (affirming decision in employee discrimination

case in which district court denied class certification on ground that plaintiffs failed to show that joining 40 plaintiffs would be impracticable). Thus, the key question is whether it is appropriate to disregard the notices filed by the 30 employees.

This court has already concluded that it is appropriate to consider potential interest in the lawsuit when considering whether to certify a class and has considered statements from potential class members expressing their opposition to the case. *De Leon v. Grade A Constr., Inc.*, No. 16-cv-348-jdp, 2017 WL 6375821, at *2 (W.D. Wis. Dec. 13, 2017). *See also Franklin Container Corp. v. Int'l Paper Co.*, No. 77-3204, 1982 WL 1958, at *2 (E.D. Pa. May 12, 1982) ("Given the overwhelming lack of interest in this litigation shown by members of the potential class, I believe plaintiffs have failed to establish that the class is so numerous that joinder of all members is impracticable."). In this case, not only have most of the potential class members expressed their intent to opt out, but only two additional employees joined the FLSA collective after receiving notice of the lawsuit in early 2016, Dkt. 33 and Dkt. 103, further indicating that the number of class members is likely to be low. When there is strong evidence that it will be feasible to individually join all those who actually wish to assert a claim, it makes sense from an efficiency standpoint to consider that evidence before granting class certification rather than wait for a motion to decertify. *E.g.*, *Ricard v. KBK Servs., Inc.*, No. 15-cv-299-jdp, 2016 WL 4691608, at *1 (W.D. Wis. Sept. 7, 2016) (reconsidering certification as result of "low interest levels in the case"); Wright & Miller, *supra*, § 1762 ("[E]vents subsequent to the institution of the action, such as intervention or widespread opting out by members of a Rule 23(b)(3) class, may make joinder practicable and lead to a re-evaluation of the propriety of class-action treatment.").

3

Plaintiffs resist this conclusion on some of the same grounds as the plaintiffs in *De Leon* and those grounds are unpersuasive for the same reasons. First, plaintiffs say that defendants might have coerced the 30 employees into signing a statement. Plaintiffs do not discuss the small number of employees who chose to opt in to the collective action, but presumably plaintiffs would also explain that as a product of coercion or fear of retaliation. As the court noted in *De Leon*, there is a potential for coercion or retaliation in any case in which the defendant has some control over the potential class member and courts should be sensitive to that issue. But that doesn't mean that a court may simply assume that an employee is acting under duress. In this case, plaintiffs cite no evidence that defendants have coerced any of their employees or retaliated against those participating in this suit. In fact, some of the individuals opposing the lawsuit are *former* employees and plaintiffs do not identify any sway that defendants would have over them. Plaintiffs must support their class certification motion with more than speculation. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).

Plaintiffs also fail to explain how certifying the class would address their concerns about undue influence. If an employee is willing to go on the record as opposing the lawsuit, it seems unlikely that he or she would turn around and decide to join the class a few weeks or months later, regardless of the reason for the initial opposition.

Next, plaintiffs say that some of the employees' statements suggest that they oppose the lawsuit because they believe—incorrectly—that they were paid in accordance with the law. As an initial matter, this argument is inconsistent with the view that the employees provided statements simply because they were coerced. And the question whether the defendants violated the law goes beyond the scope of this decision. In any event, this argument fails for a similar reason as the previous argument. Even if it is true that the employees' beliefs are wrong,

4

plaintiffs fail to explain why the employees would be likely to change their minds by receiving a notice about a lawsuit of which they are already aware. The class notice is not intended persuade potential class members that their rights were violated. They must make up their own minds about that.

Finally, plaintiffs say that a class action is needed to deter defendants from future violations. But plaintiffs are not seeking injunctive relief, so any certified class could not include future employees. Moore, *supra*, at § 23.22[1][f] ("Class-action plaintiffs seeking injunctive or declaratory relief frequently seek to define a class to include people who might be injured in the future."). Although the court does not doubt that a money judgment could deter future violations, that would be the case regardless whether the judgment is the result of a certified class or a case with multiple plaintiffs.

In sum, the court concludes that plaintiffs have failed to show that the proposed class is so numerous that joinder is impracticable. It follows from this conclusion that plaintiffs should have an opportunity to join other interested employees under Rule 20 of the Federal Rules of Civil Procedure. The only wrinkle is that plaintiffs recently filed a motion for summary judgment, even though the deadline for doing so is not until May 7. Dkt. 122 and Dkt. 167. Obviously, if plaintiffs add more employees to the case, it could affect the scope of their summary judgment motion. Accordingly, the court will give plaintiffs an opportunity to inform the court whether they want an opportunity to join more plaintiffs. If they do, the court will set a deadline for filing an amended complaint and deny their summary judgment motion without prejudice to their renewing it after they file an amended complaint.

ORDER

IT IS ORDERED that:

1. The motion for class certification filed by plaintiffs Timothy Connelly, David Winchell, Raymond Schlicht, and Rodney Schlicht, Dkt. 128, is DENIED.

2. Plaintiffs may have until April 6, 2018, to inform the court whether they want an opportunity to join more plaintiffs. Until then, briefing on plaintiffs' motion for summary judgment, Dkt. 167, is STAYED.

Entered March 30, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge