No. 18 –

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

**TIMOTHY CONNELLY, et al.**

**Individually and on behalf
of all others similarly situated,**

    **Plaintiffs-Petitioners,**

    v.

**DANIEL LEPKE TRUCKING ET AL,**

    Defendant-Respondent.

On Appeal From the United States District Court
For the Western District of Wisconsin
Case No. 15-cv-308
Hon. James Peterson

**PLAINTIFFS' PETITION FOR LEAVE TO APPEAL
CLASS CERTIFICATION ORDER UNDER FED. R. CIV. P. 23(f)**

Yingtao Ho (SBN 1045418)
THE PREVIANT LAW FIRM, S.C.
310 W Wisconsin Ave, #100MW
Milwaukee, WI 53203
Telephone: (414)271-4500
Fax: (414)271-6308

Attorneys for Plaintiffs

# STATEMENT OF JURISDICTION

Plaintiffs seek Court of Appeal's review of the March 30, 2018, decision and order of the Western District of Wisconsin, which denied the Plaintiffs' motion for Rule 23 class certification. (Docket #145)

The District Court has jurisdiction of this putative class action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Specifically, that the Defendants failed to count some of their work hours as time worked, and failed to pay them overtime pay whenever they worked more than 40 hours that were counted as time worked. The Plaintiffs also argued that the same practices of the Defendants also violated, and therefore entitled them to additional remedies under Wisconsin law including straight time pay, statutory overtime pay, and contractual overtime pay. The Court has supplemental jurisdiction over the Plaintiffs' Wisconsin law claims under 28 U.S.C. §1367. The Court granted the Plaintiffs' motion for conditional certification after a stipulation by the parties, while no timely motion for decertification of the FLSA class was filed by the Defendants.

The Court of Appeals has jurisdiction to consider this Petition pursuant to 28 U.S.C. § 1292(e) and Rule 23(f), Fed. R. Civ. P., which permits the filing of an appeal related to a motion for class certification within 14 days of the entry of the order on such motion.

## QUESTIONS PRESENTED

1. Did the District Court err by excluding from the class, when determining whether the class is sufficiently numerous pursuant to Rule 23(a)(1), persons who filed notices with the Court, which stated that they would opt-out of the lawsuit should a class be certified by the Court?

## SUMMARY OF ARGUMENT

When determining whether the Plaintiffs' proposed class is sufficiently numerous to meet Rule 23(a)(1) requirements, the Court failed to count as class members persons who filed signed statements stating that they intended to opt-out of the lawsuit, should a class be certified by the Court. The Court's approach is foreclosed by the plain language of Rule 23(a)(1), which states that all class members, regardless of their likelihood of opting out of the lawsuit, must be included when determining whether a proposed class is sufficiently numerous.

As the Seventh Circuit stated in *In re Bridgestone Tires Product Liability Litig*., 333 F. 3d 763, 769 (7th Cir. 2003), opting out was a post-certification step, so that while one could opt out of a certified class, no one is permitted to opt out of the certification process. In this case, the District Court impermissibly permitted 30 class members to opt out of the certification process by failing to count them for numerosity purposes.

Moreover, the circumstances surrounding the 30 class members signing their class notices is unknown, so that it is unknown whether the notices were signed under coercive circumstances. The District Court erred by relying upon these notices that could have been the product of coercion, rather than opt-out notices generated through a court supervised opt-out procedure, to find that the proposed class is insufficiently numerous to permit certification.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs requested that the District Court certify three separate classes: (1) Class of the Defendants' drivers who did not receive separate hourly pay for all hours worked before their

trucks were loaded for the first time, and after their trucks were unloaded for the final time (Straight time class); (2) Class of the Defendants' employees who during a workweek worked more than 40 hours and did not work across state lines during the four months preceding said workweek (Statutory overtime pay class); and (3) Class of the Defendants' drivers who during a work week worked more than 40 hours regardless of whether they worked across state lines during the four months preceding said workweek (Contractual overtime pay class). (Docket #128) The Defendants concede that there are 47 members to the proposed classes; while the District Court similarly assumed that the class started at 47 members. (Docket #133, pg. 6; Docket #172, pg. 2)

In opposition to the Plaintiffs' motion for class certification, the Defendants filed with the Court identical statements signed by 30 of their employees, who are included in the class of 47 proposed by the Plaintiffs. Each of the statements stated:

> I, the undersigned, hereby inform the Court that I will not participate in any manner in the above-entitled legal action as a plaintiff or as a class member, or in any other capacity. Any notices intended for me must be sent to the address below. Upon receipt of any Notice making it possible for me to seek any kind of monetary or other relief against Dan Lepke Trucking LLC or Lepke Trucking & Excavating LCL it is my intention to opt out of participation in the case.

Docket #135-164. 22 of the notices were signed on November 29th, 2017; while 4 each were signed on November 28th and 30th, 2017. (Id.) The Defendants submitted a single declaration in opposition to the Plaintiffs' motion for class certification, which was from their owner Ruth Lepke. (Docket #134) The Lepke Declaration did not provide any explanation as to the circumstances under which the employee statements of their intent to opt-out were obtained. (Id.)

**ARGUMENT**

I.   **THE CLASS INCLUDES MEMBERS WHO MAY WISH TO OPT OUT.**

A proposed class satisfies Rule 23(a)(1) requirements if the class is so numerous that joinder of all members is impractical. This Court has affirmatively stated that persons may

4

constitute class members when they were subject to the Defendant's uniform policies, though they did not sustain any actual injuries as a result of the Defendants' uniform policies. *Bell v. PNC Bank, N.A.*, 800 F. 3d 360, 380 (7th Cir. 2015). If persons who never suffered any injuries as a result of the Defendant's uniform policies can be included in the class, then persons who likely were injured by the Defendant's uniform policies but may not wish to seek a remedy for those injuries also should be included in the class. When Rule 23(a)(1) refers to the "class", said class includes all class members who were subject to the Defendants' uniform policies, regardless of their likelihood of ultimately opting out of the class action. The District Court therefore erred by excluding from the class persons who were subject to the Defendants' uniform policies, based upon its belief as to their likelihood of opting out of the class. This Court should grant interlocutory appeal to clarify the issue of how the "class" for Rule 23(a) purposes should be defined. *Blair v. Equifax Check Services, Inc.*, 181 F. 3d 832, 835 (7th Cir. 1999).

## II. THE COURT SHOULD GRANT LEAVE TO APPEAL UNDER FED. R. CIV. P. 23(F) TO ADDRESS THE FUNDAMENTAL QUESTION OF WHETHER CLASS MEMBERS CAN OPT OUT OF THE CLASS CERTIFICATION PROCESS.

Alternatively, this Court has clearly stated that while class members can opt-out of a certified class, they cannot opt out of the certification process, in particular when a decision to certify the class must be made on a class wide, all or nothing basis. *In re Bridgestone Tires Product Liability Litig.*, 333 F. 3d 763, 769 (7th Cir. 2003). In other words, the District Court must first decide whether the proposed class is appropriate under the class certification process, before letting the opt-out procedure playout assuming a class has been certified. In this case, the District Court has permitted 30 class members to opt out of the class certification process, before any class has been certified by the Court, by refusing to include these 30 class members when deciding whether the petitioned for class is sufficiently numerous. The question of whether class members can opt

5

out of the certification process, if there was some indication that they would opt-out of the class following certification (or could not participate in the class action lawsuit) for some other reason, is a question of first impression for the Seventh Circuit Court of Appeals. The Court should apply *Bridgestone*, and hold that class members cannot opt out of the class certification process by telling the District Court that they intend to opt out should a class be certified. That granting an interlocutory appeal would clarify a question of class action law supports granting a petition for interlocutory appeal. *Blair v. Equifax Check Services, Inc*., 181 F. 3d 832, 835 (7th Cir. 1999).

    Indeed, the District Court's decision is contrary to numerous district court decisions within the Seventh Circuit, each of which held that the Court should not make predictions, prior to class certification, as to whether putative class members would ultimately participate in the lawsuit. *Scholes v. Stone, McQuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. IL. 1992) (Because Numerosity either exists or doesn't exist, the Court cannot speculate pre-certification whether class members would exercise their opt-out privilege); *Moore v. Morgan Stanley & Co*., 2007 WL 4354987 *2 (N.D. IL. 2007) (Duplicative portion of second lawsuit should be dismissed because the assertion by the Plaintiffs of the second lawsuit that they would opt-out of the settlement in the first lawsuit is mere conjecture). *See also Kleen Products, LLC v. International Paper Co*., 306 F.R.D. 585, 607 (N.D. IL. 2015); *In re Titanium Dioxide Antitrust Litig*., 2012 WL 5947283 *3-4 (D. Md. 2012) (Both holding that prior to class certification, it would be premature to exclude from the class persons who may have signed agreements that barred them from participating in the class action). In this case, the notices filed by class members were not binding, and at most constitute a predictive tool for whether those class members would in fact opt-out as a part of a neutral, court supervised process. The District Court has put the cart before the horse, by predicting before class certification whether class members would opt out of the lawsuit.

As the Seventh Circuit stated in *Bridgestone*, a decision to certify the class necessarily must be made on a class wide, all or nothing basis. *Bridgestone*, 333 F. 3d at 769. The class certification decision should not change depending on the class members' changing sentiments on whether they wish to participate in the lawsuit. Under existing Seventh Circuit law, all class members must be included when determining whether a proposed class is sufficiently numerous. The Court should grant the petition for interlocutory appeal, and clarify the question of whether a district court may deny class certification by predicting whether class members would opt out of the lawsuit, and then excluding from the class certification process otherwise appropriate class members whom it predicts would opt-out of the class certification process.

**III.** **EVEN IF THE DISTRICT COURT IS PERMITTED TO MAKE PREDICTIONS ON WHETHER CLASS MEMBERS WOULD OPT OUT OF THE LAWSUIT, THOSE PREDICTIONS SHOULD NOT BE BASED ON EVIDENCE THAT MAY BE THE BASIS OF COERCION.**

In this case, all 30 notices of intent to opt-out were identically worded, and were signed by class members   22 out of the 30 notices were signed on November 29, 2017; while 4 notices each were signed on November 28th and 30th, 2017. The Defendants did not provide to the Court any explanation as to the circumstances under which the notices were signed, in particular whether the notices were signed in front of either the Defendants' owner Ruth Lepke or representative, or in front of fellow drivers. See by omission Docket #134. Because the Plaintiffs only until December 11, 2017 to file their reply materials in support of the motion for class certification, they had no opportunity to conduct timely discovery as to whether the opt-out notices were signed under coercive circumstances. (Docket #128, #165)

Wisconsin law prohibits employees from entering into agreements with their employers to waive wages that are required by law. Wis. Stat. §109.03(5). *See also Spoerle v. Kraft Foods Global*, 614 F. 3d 427, 430 (7th Cir. 2009). This court has by analogy prohibited private

7

agreements that result in the establishment of sub-minimum wages that violate the FLSA. *Walton v. United Consumer Club*, 786 F. 2d 303, 306 (7th Cir. 1986). For an employer to hold a meeting with its employees to bargain over, and secure waivers of minimum wages and overtime compensation is an invidious practice under the FLSA, so that opt-out forms obtained by the employer through holding one on one meetings with its employees are inherently the products of coercion, and should be invalidated. *Lynn Food Stores v. U.S.*, 679 F. 2d 1350, 1354 (11th Cir. 1982); *Guifu Li v. A Perfect Day Franchise Inc.*, 270 F.R.D. 509, 518 (N.D. CA. 2010).

Similarly, if the facts were that the class members signed the opt-out notices following a meeting with the Defendants' owner, and in her presence, a Court is likely to find that the opt-out notices were signed under coercive circumstances, so that the opt-out notices were not indicative of whether class members would opt-out under a neutral, Court supervised procedure. There was no need for the District Court to jump the gun, and refuse to certify the class based upon opt-out notices that could have been obtained under coercive circumstances: If under a court supervised procedure a sufficient number of class members opted out, so that the remaining class is not sufficiently numerous, the Defendant would be free to file a motion to decertify the class. *Movement for Opportunity and Equality v. General Motors Corp.*, 622 F. 2d 1235, 1254 (7th Cir. 1980) (Court may reconsider its decision to certify the class at anytime before making a decision on the merits). This Court should clarify class certification law by making clear that expression of interest to opt-out of the lawsuit should be based upon those interests expressed in a neutral, court supervised opt-out procedure, rather than through a potentially coercive procedure orchestrated by the employer.

## IV. CONCLUSION.

For the above stated reasons, the Court of Appeals should grant this petition for interlocutory appeal, and find that the District Court erred by permitting 30 class members to opt out of the class certification process (as opposed to opt out of a certified class), based upon documents that may have been signed under coercive circumstances. Indeed, this court has identified the one way intervention problem that would be created if following the denial of class certification the Plaintiff prevails on the merits, and the class certification denial is then reversed on appeal. *Anschul v. Sitmar Cruises, Inc.*, 544 F. 2d 1364, 1372 (7th Cir. 1976). Granting this petition for interlocutory appeal is the only way to provide class members with an opportunity to opt out of this lawsuit before the District Court has reached a decision on the merits of the lawsuit.

Respectfully submitted this 3rd day of April, 2018.

/s/Yingtao Ho
Yingtao Ho (SBN 1045418)
THE PREVIANT LAW FIRM, S.C.
310 W Wisconsin Ave, #100MW
Milwaukee, WI 53203
Telephone: (414)271-4500
Fax: (414)271-6308

Attorneys for Plaintiffs