IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY CONNELLY, DAVID WINCHELL,
RAYMOND SCHLICHT, RODNEY SCHLICHT,
SCOTT ERLANDSON, and JEFFREY NEMEC,

                    Plaintiffs,                    ORDER

    v.

                                                      15-cv-308-jdp

DAN LEPKE TRUCKING LLC and
LEPKE TRUCKING & EXCAVATING LLC,

                      Defendants.

---

Plaintiffs Timothy Connelly, David Winchell, Raymond Schlicht, Rodney Schlicht, Scott Erlandson, and Jeffrey Nemec were truck drivers for defendants Dan Lepke Trucking LLC and Lepke Trucking & Excavating LLC. Plaintiffs contend that defendants failed to pay them in accordance with the Fair Labor Standards Act and state law.

Plaintiffs have moved for summary judgment on several issues, Dkt. 167, but the court will deny the motion without prejudice. A key question raised in the motion is whether plaintiffs are entitled to additional pay under state law for activities performed before loading and after unloading their trucks. The same issue is pending before the Wisconsin Court of Appeals in a closely related case involving some of the same parties, *Bakkestuen v. Lepke Holdings LLC*, No. 2017AP2500 (Wis. Ct. App.). Deciding the issue will require resolving a conflict between the Wisconsin Department of Workforce Development (which concluded that there was no violation because the employees' average rate of pay was greater than the minimum wage) and the trial court in *Bakkestuen* (which concluded that the employees must be paid for the activities at issue at the same rate as other work). At the heart of the debate is the scope of

a decision of the Wisconsin Supreme Court, *United Food & Commercial Workers Union, Local 1473 v. Hormel Foods Corporation*, 2016 WI 13, 367 Wis. 2d 131, 876 N.W. 2d 99.

"It is within the discretion of the court to stay proceedings pending the resolution of other suits. . . . The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936), and *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). In this case, it makes sense to allow a state court to decide in the first instance disputed questions of state law that could have a significant impact on the rights of Wisconsin employees and employers. And because *Bakkestuen* is fully briefed and ready for decision, the delay should not be a long one.

Although plaintiffs are raising additional claims that are not present in *Bakke*, the court sees little benefit in resolving this case in piecemeal fashion. Accordingly, the court will deny plaintiffs' motion for summary judgment without prejudice. Once the Wisconsin Court of Appeals issues its decision, the parties should notify this court. At that time, the parties should also inform the court whether either side believes that supplemental briefing is appropriate or wishes to stand on the summary judgment materials already on file with this court.

ORDER

IT IS ORDERED that plaintiffs' motion for summary judgment, Dkt. 167, is DENIED WITHOUT PREJUDICE, and this case is STAYED pending a decision in *Bakkestuen v. Lepke Holdings LLC*, No. 2017AP2500 (Wis. Ct. App.). Once the court of appeals issues its decision,

the parties should: (1) inform this court of the decision; and (2) state their position on the question whether supplemental briefing is needed. The court will not change the date of the November 2018 court trial at this time.

Entered May 16, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge