IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY CONNELLY, DAVID WINCHELL,
RAYMOND SCHLICHT, and RODNEY SCHLICHT,

           Plaintiffs,

  v.

DAN LEPKE TRUCKING LLC and
LEPKE TRUCKING & EXCAVATING LLC,

           Defendant.

OPINION and ORDER

15-cv-308-jdp

---

Plaintiffs sued their former employers, defendants Dan Lepke Trucking LLC and Lepke Trucking & Excavating LLC, for violations of the Fair Labor Standards Act (FLSA) and Wisconsin law. The parties have settled all claims save one: Timothy Connelly's claim that defendants violated Wis. Stat. § 103.455 by deducting money from his paycheck without following the statute's procedures. *See* Dkt. 192. Connelly now moves for summary judgment on that claim. Dkt. 167. The court will grant Connelly's motion because the undisputed facts show that defendants violated § 103.455.

BACKGROUND

The following facts are undisputed unless otherwise noted.

Connelly began working for defendants in 2012 as a truck driver. His tasks included picking up and delivering construction materials with defendants' trucks and performing other miscellaneous work at construction sites.

In 2013, defendants contended that Connelly, while on the job, backed one of their trucks into another vehicle. After defendants confronted Connelly about the accident and he

provided no explanation for his actions, defendants terminated him. Defendants later agreed to rehire Connelly if he paid for the damage to the truck. According to defendants, Connelly did not have money to pay for the damage, so he asked defendants to deduct the money from his paychecks. Between July and October 2013, defendants deducted a total of $4,138 from 11 of Connelly's paychecks. Defendants did not obtain Connelly's authorization for the deductions in writing.

ANALYSIS

A.  **Subject matter jurisdiction**

Plaintiffs rely solely on 28 U.S.C. § 1367 as a basis for exercising jurisdiction over their state-law claims. Under § 1367(c)(3), the general rule is that a court should relinquish jurisdiction over state-law claims when all federal claims are resolved. *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015). Although the parties have settled all the federal claims, it is appropriate to retain jurisdiction in this case because the remaining state-law claim is not complicated and its resolution is clear from the text of § 103.455. *See Cortezano v. Salin Bank & Trust Co.,* 680 F.3d 936, 941 (7th Cir. 2012) ("When the resolution of [the state-law] claims is clear, . . . the court may choose to decide them.").

B.  **Merits**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because the relevant facts in this case aren't disputed, the question before the court is whether the undisputed facts entitle Connelly to judgment as a matter of law. The answer to that question begins and ends with the text of Wisconsin Statute § 103.455:

2

> No employer may make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction or unless the employer and a representative designated by the employee determine that the defective or faulty workmanship, loss, theft or damage is due to the employee's negligence, carelessness, or willful and intentional conduct, or unless the employee is found guilty or held liable in a court of competent jurisdiction by reason of that negligence, carelessness, or willful and intentional conduct. If any deduction is made or credit taken by any employer that is not in accordance with this section, the employer shall be liable for twice the amount of the deduction or credit taken in a civil action brought by the employee. Any agreement entered into between an employer and employee that is contrary to this section shall be void.

The application of this statute to the facts of this case is straightforward. Defendants deducted wages from Connelly's paychecks to pay for property damage that defendants say Connelly caused. But Connelly didn't authorize the deductions in writing, Connelly's representative didn't determine that Connelly was at fault, and no court held that Connelly was liable for the damage. So defendants violated § 103.455 and Connelly is entitled to summary judgment.

Defendants resist this conclusion on three grounds: (1) the deductions were for a loan to Connelly and not for damage to property; (2) the statute does not apply because Connelly was not employed at the time he agreed to the deductions; and (3) defendants satisfied the purpose of the statute. None of these reasons are persuasive.

First, defendants contend that the deductions were not for property damage, but rather deductions for a loan given to Connelly. This contention fails because defendants haven't adduced any evidence that the deductions were related to a loan. Rather, it is undisputed that defendants deducted money from Connelly's paycheck to pay for the damage defendants say Connelly caused. Dkt. 182, ¶ 6. Regardless what defendants call the deductions, they were used to pay for "damage to property," so they are covered by § 103.455.

3

Second, defendants contend that § 103.455 does not apply because Connelly was not an employee when he agreed to the deductions. But defendants fail to explain why that is relevant under the language of the statute. Section 103.455 applies when an "employer . . . make[s] any deduction from the wages due or earned by any employee." There is no dispute that Connelly was an employee at the time defendants made the deductions. Connelly's employment status at the time that defendants say he agreed to the deductions simply doesn't matter.

Third, defendants contend that they satisfied the purpose of Wis. Stat. § 103.455, which they say is to provide due process to employees and to prevent employers from arbitrarily deducting wages. Defendants argue that they met this purpose because (1) they provided Connelly with an opportunity to explain why he was not at fault; (2) Connelly never denied being at fault; and (3) Connelly made an offer to pay for the damages. Even if defendants are correct about the purpose of § 103.455, a court may consider legislative purpose only if a statute is ambiguous. *State ex rel. Cramer v. Wis. Court of Appeals (In re Prison Litig. Reform Act)*, 2000 WI 86, 236 Wis. 2d 473, 481, 613 N.W.2d 591, 596. In this case, § 103.455 is not ambiguous. Because defendants violated the plain language of the statute, the court does not have the authority to consider whether enforcing the statute serves its purpose in this case.

The only remaining question is the remedy. Connelly seeks twice the amount deducted, or $8,276. *See Donovan v. Schlesner*, 72 Wis. 2d 74, 82, 240 N.W.2d 135, 139–40 (1976) (remedy for violation of § 103.455 is "twice the amount of the deduction" ).[1] Defendants do not dispute that amount, so the court will grant Connelly's request.

---

[1] In his opening brief, Connelly asks for $8,278, but this appears to be a typographical error. It is undisputed that defendants deducted $4,138 from Connelly's paychecks.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Connelly's motion for summary judgment, Dkt. 167, is GRANTED on his claim under Wis. Stat. § 103.455.

2. All other claims are DISMISSED pursuant to the parties' stipulation, Dkt. 192.

3. The clerk of court is directed to enter judgment in Connelly's favor in the amount of $8,276.

Entered October 16, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge